**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

RAY QUANTREVIOUS RAHEEM,  :
            :
   Plaintiff,     :
            :
v.          :   Case No. 1:25-cv-178-LAG-ALS
            :
Sheriff BILLY HANCOCK, *et al.*,  :
            :
   Defendants.   :

_____

### ORDER AND RECOMMENDATION

Plaintiff Ray Quantrevious Raheem, a prisoner at Crisp County Detention Center in Cordele, Georgia, filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"), (Doc. 2), and he filed a motion to compel discovery (Doc. 5), and two motions to appoint counsel (Docs. 9, 14). For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**, but his motions to compel discovery and to appoint counsel are **DENIED**. Within **FOURTEEN (14) DAYS** of the date of this Order, Plaintiff is also **ORDERED** to recast his Complaint on one of the Court's standard forms so that it contains only those claims related to his incarceration in the Crisp County Detention Center. It is **RECOMMENDED** that the remaining claims in Plaintiff's Complaint be **DISMISSED without prejudice** for improper joinder.

### MOTION TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. Therefore, his motion to proceed IFP (Doc. 2) is **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his Complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected,

notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.      Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## MOTIONS TO APPOINT COUNSEL

Plaintiff also moved to appoint counsel. "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

3

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointment of counsel is not justified. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motions to appoint counsel (Docs. 9, 14) are **DENIED**.[1] Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## PRELIMINARY SCREENING

### I.      Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state

law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.    Factual Allegations

The claims in Plaintiff's Complaint appear to arise from his detention in at least three different facilities: Crisp County Detention Center ("CCDC"), Jackson State Prison, and Robert L. Patten Probation Detention Center ("PDC"). (Doc. 1, at 2-3). Plaintiff first contends that when he arrived at CCDC on February 29, 2024, Defendant Corey Kennedy, a lieutenant at that facility, dragged Plaintiff by his handcuffs across the concrete into the jail, causing lacerations, torn tissue, and permanent scarring. *Id.* at 4. Around March 15, 2024, Plaintiff was placed in an administrative segregation cell "that had another inmate[']s fecal matter all [over] the door, lights, bed, wall, shower, and window." *Id.* at 6. Defendant Jay Young, a corporal at CCDC, "placed a sign on [Plaintiff's] door that read, do not open this inmate[']s door for anything[,]" which prevented Plaintiff from obtaining chemicals to clean the cell. *Id.* at 5, 6-7. On August 23, 2024, Plaintiff contends Defendant Billy Hancock, the Crisp County Sheriff, retaliated against him by transferring him to the Lee County Jail after Plaintiff complained about the conditions of his confinement and the incident regarding Defendant Kennedy. *Id.* at 5, 6. Plaintiff also claims Defendant Hancock failed to investigate his claim against Defendant Kennedy. *Id.* at 6. Finally, Plaintiff contends that Defendant Michelle Knight Manders, another corporal, ignored his request for help when he told her he was suicidal on or about December 19, 2024. *Id.* at 7. Instead, Defendant Manders told

Plaintiff that he could not change cells, which prompted an "immediate[]" fight between Plaintiff and his cellmate. *Id.* After the fight broke out, Defendant Manders and another individual tased Plaintiff and placed him in a strip cell on suicide watch. *Id.*

Next, Plaintiff contends that Defendant Jacob Bell, the Superintendent of the Patten PDC, failed to adequately prepare for a hurricane that hit the facility in October of 2024. (Doc. 1, at 8). This resulted in "no toilets, no water, no hot food, [and] unsanitary conditions." *Id.* (describing "fecal matter all over the bathroom area, toilets overfilled with urine").

Finally, Plaintiff complains about the conditions of his confinement at Jackson State Prison beginning on January 9, 2025 and lasting for approximately five months. (Doc. 1, at 4, 7). Plaintiff contends that Defendant Shawn Emmons, the warden of the prison, housed him in a cell that had no electricity, resulting in "pitch dark conditions as soon as the sunlight of day went away." *Id.* at 7. Plaintiff also contends his cells at the Jackson State Prison lacked working windows, toilets, or sinks, and he was subjected to temperatures that were so cold that snow appeared on the floors of the facility. *Id.* (estimating temperatures were 10 degrees inside the prison).

In short, Plaintiff contends that Defendants in each of these facilities violated his constitutional rights, and as a result he primarily seeks monetary damages. (Doc. 1, at 9).

### III.    Plaintiff's Claims

As an initial matter, the claims and Defendants that Plaintiff identified in the Complaint are not properly joined in this case. The Federal Rules of Civil Procedure permit a plaintiff to join only related claims and defendants in a single complaint. To properly join defendants under Federal Rule of Civil Procedure 20(a)(2), the plaintiff must establish that he is asserting a right to relief against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[,]" and that "any question of law

7

or fact common to all defendants will arise in the action." Once a plaintiff has established that each defendant is properly joined, only then may he join as many claims as he has against each party per Federal Rule of Civil Procedure 18(a). *See, e.g.*, 6A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1585 (3d Ed. May 2025) ("Once parties are properly joined under [Rule 20] as to a particular claim, additional claims, whether they are related or unrelated or they are by or against all or less than all of the parties may be joined under Rule 18(a).").

The United States Court of Appeals for the Eleventh Circuit applies the "logical relationship" test to determine whether claims arise from the same transaction or occurrence for joinder purposes. *See, e.g.*, *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. Corp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).[2] "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp.*, 755 F.2d at 1455 (quotation marks and citation omitted). In exercising its discretion regarding joinder, the Court should "provide a reasoned analysis that comports with the requirements of the Rule" and is "based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009).

Plaintiff's claims, which arise from his incarceration at three (3) totally separate prisons and involve different Defendants and varying causes of action, are not properly joined together in his Complaint. *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (holding that plaintiff failed to demonstrate that claims against defendants arose out of the same transaction, occurrence, or series of transactions or occurrences where the only "connection

---

[2] The standard for whether claims arise from the same transaction or occurrence for Rule 20 purposes is the same as that used for compulsory counterclaims under Federal Rule of Civil Procedure 13. *See Smith*, 728 F. Supp. 2d at 1319.

between the people and events [the prisoner] described" was that the actions "showed indifference to his failing health"); *see also State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416-17 (10th Cir. 1984) (affirming denial of joinder where allegations against proposed defendant were "only tangentially related to the issues and series of transactions" in the pending case because "[d]ifferent elements of proof are required for the proposed cause of action, involving different questions of fact and law").

The Court cannot dismiss the entire Complaint for improper joinder. Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action."); *see also DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). Because it is unclear whether the statute of limitations would bar Plaintiff from refiling at least some of his claims arising from his 2024 detention at the CCDC, the Court should not dismiss those claims. *Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018) (holding that a district court should "exercise[] its authority under Rule 21 *sua sponte* to dismiss improper defendants and sever unrelated claims"); *DirecTV*, 467 F.3d at 846 (noting that "a court must analyze the consequences of a dismissal on a claimant's ability to meet the statute of limitations prior to choosing dismissal over severance"). Plaintiff's remaining claims, however, should be dismissed without prejudice for improper joinder.

### IV.    Order to Recast

In addition to filing a Complaint with improperly joined claims, Plaintiff has also filed several additional documents which may contain factual allegations or claims that Plaintiff may wish to make part of this lawsuit, including at least two documents Plaintiff labeled as supplements to his original Complaint. (Docs. 4, 10).[3] In order to clarify the claims involved in this litigation,

---

[3] Plaintiff requires leave of the Court to supplement his Complaint. Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). To the extent Plaintiff's supplemental complaints could be construed as motions seeking leave to supplement, however, they would be moot.

Plaintiff is **ORDERED** to entirely recast his Complaint so that it contains only those claims related to his detention at the CCDC. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)     *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action?  How do you know?

(2)     *When* and *where* did each action occur (to the extent memory allows)?

(3)     *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)     *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)     *What* did this defendant do (or not do) in response to this knowledge?

(6)     *What* relief do you seek from this defendant?

---

Plaintiff may include any allegations made in his supplemental complaints, or any other document he filed in this case, in his recast complaint if those allegations are related to his treatment at CCDC. If Plaintiff wishes to pursue unrelated claims, he is advised that these would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number.

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that he will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure, as discussed above. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) the original Complaint (Doc. 1) and the supplements thereto (Docs. 4, 10). Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limit includes (and is not in addition to) the pages making up the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.** Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of

11

the above-captioned action to the Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form.

Once Plaintiff has filed his recast complaint, the Court will screen it in accordance with 28 U.S.C. §§ 1915A and 1915(e). If any of Plaintiff's claims survive this screening process, the Court will provide the parties with further instructions regarding discovery and the continued litigation of this case. Plaintiff's motion for discovery (Doc. 5) is therefore premature and it is **DENIED**.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to proceed IFP (Doc. 2) is **GRANTED**, but his motion to compel discovery (Doc. 5) and motions to appoint counsel (Docs. 9, 14) are **DENIED**. Plaintiff is **ORDERED** to recast his Complaint on one of the Court's standard forms so that it contains only those claims related to his incarceration in the CCDC within **FOURTEEN (14) DAYS** of the date of this Order. It is **RECOMMENDED** that the remaining claims in Plaintiff's Complaint be **DISMISSED without prejudice** for improper joinder.

Plaintiff is further **DIRECTED** to notify the Court immediately and in writing of any change in his mailing address. **Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.** There shall be no service of process in this case until further order of the Court.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Leslie A. Gardner, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in

accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district

judge's order based on factual and legal conclusions to which no objection was timely made. *See*

11th Cir. R. 3-1.

   **SO ORDERED and RECOMMENDED**, this 9th day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE