**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

RAY QUANTREVIOUS RAHEEM,     :
                                      :
         Plaintiff,              :
v.                                   :        Case No. 1:25-cv-178-LAG-ALS
                                        :
Sheriff BILLY HANCOCK, *et al.*,    :
                                       :
         Defendants.         :

_____

**ORDER TO SHOW CAUSE**

Pending before the Court are the claims of Plaintiff Ray Quantrevious Raheem, an inmate confined at Crisp County Detention Center in Cordele, Georgia. Plaintiff filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1). On March 9, 2026, the Court granted Plaintiff's motion to proceed *in forma pauperis*, denied his motions for appointed counsel and to compel discovery, and ordered Plaintiff to recast his Complaint on one of the Court's standard forms so that it contains only those claims related to his incarceration in the Crisp County Detention Center. (Doc. 15). The Court recommended that Plaintiff's remaining claims be dismissed without prejudice for improper joinder. *Id.* Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *Id.*

The time for compliance has now expired. Although Plaintiff filed a second motion for leave to proceed *in forma pauperis* (Doc. 17) and a supplemental complaint (Doc. 18), Plaintiff failed to follow the Court's prior instruction to file a recast complaint on the

Court's standard form.[1] As Plaintiff was warned, the failure to fully and timely comply with the orders and instructions of the Court is grounds for dismissal. Therefore, Plaintiff is **ORDERED** to **SHOW CAUSE** to the Court **WITHIN FOURTEEN (14) DAYS** from the date of this Order why this case should not be dismissed for failure to comply with the Court's March 9 Order. If Plaintiff wishes to continue with this action, within **FOURTEEN (14) DAYS** of the date of this Order, he must <u>also</u> comply with the March 9 Order by recasting his Complaint on the Court's standard form so that it contains only his claims regarding Crisp County Detention Center.

Plaintiff is reminded of his obligation to notify the Court immediately and in writing of any further change in his mailing address. **Failure to fully and timely comply with this Order will likely result in the dismissal of this case.** There shall be no service of process until further order of the Court.

**SO ORDERED**, this 7th day of April, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

---

[1] In his Supplemental Complaint, Plaintiff explains that he had to split his original Complaint into two envelopes because "the Jail refused to pay for extra postage due to the weight of the Complaint[.]" (Doc. 18-1, at 1). Because the envelope containing Plaintiff's Supplemental Complaint is postmarked on March 11, 2026, it is apparent that Plaintiff did not file the Supplemental Complaint in response to the March 9 Order. (Doc. 18-2). The Court also notes that the day after the Court entered the March 9 Order, Plaintiff filed a notice of change of address indicating he was housed at Crisp County Detention Center. (Doc. 16). As a result, the Clerk mailed a copy of the March 9 Order to Plaintiff at that address. Finally, because the Court already granted Plaintiff leave to proceed *in forma pauperis*, his pending motion to proceed as such (Doc. 17) is **DENIED as moot**.